IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02570-BNB

LYNN EUGENE SCOTT,

     Plaintiff,

v.

OFFICER HUGHES, in Her Official and Individual Capacities as a Police Officer of the
     City and County of Denver, CO,
OFFICER JOHN DOE, in His Official and Individual Capacities as a Police Officer of the
City and County of Denver, CO,
ROBERT WHITE, in His Official and Individual Capacities as the Chief of Police of the
     City and County of Denver, CO JANE DOE,
OFFICER(S) JOHN DOES, in Their Official and Individual Capacities, as Supervisors of
the Defendant(s) Police Officer Hughes, and Police Officer John Doe respectively,
THE CITY AND COUNTY OF DENVER, COLORADO, and
JAMES DOE,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND
AMENDED COMPLAINT ON COURT-APPROVED FORM

---

     Plaintiff, Lynn Eugene Scott, initiated this action by filing a Complaint asserting

violations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C.

§ 1983.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915.

     On September 17, 2014, the Court reviewed the Complaint and determined that

it was deficient because Mr. Scott failed to allege facts sufficient to state an arguable

claim for relief against some of the Defendants under 42 U.S.C. § 1983.  The Court

directed Plaintiff to file an Amended Complaint within thirty days of the September 17

Order.  Mr. Scott filed an Amended Complaint on September 25, 2014 (ECF No. 5).

The Court must construe the Amended Complaint liberally because Mr. Scott is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Scott will be ordered to file a Second Amended Complaint.

Plaintiff alleges the following facts in the Amended Complaint:

12.  On or around September 16, 2013 the Plaintiff Scott was being held
against his will, on the ground pinned, by Defendant James Doe the
named Complainant in Criminal Complaint Docket Number 13GS009360
Municipal Court of the City and County of Denver, Colorado, in the United
States of America.  Defendant John Doe the first Police Officer on the
scene, handcuffed, the Plaintiff, while the Plaintiff did not resist arrest in
any way, the Defendant John Doe police officer of Denver Police
Department slammed Mr. Scott against the police cruiser, in which cause
Mr. Scott to lose one tooth.  Then Defendant James Doe, gave a false
report to the police officer(s) present that he was assaulted by the Plaintiff,
because the Plaintiff hit him with a pole. . . .

13.  Subsequently, Mr. Scott was charged with assault, and trespassing
on or around September 18 2013 even though he never touched the
Defendant James Doe, and despite his claim that he was assaulted and
kidnapped by the Defendant James Doe, that he made to the Police on
the day of the arrest.

14. On 25 November 2013, all charges against Scott were dismissed.

(ECF No. 5, at 3).

Mr. Scott sues the Defendants for monetary damages arising from a false arrest

and imprisonment, unlawful excessive force, malicious prosecution, and race

discrimination, in violation of the Fourth and Fourteenth Amendments.  He also asserts

pendent state law tort claims.

The Amended Complaint is deficient because it fails to allege facts sufficient to

state an arguable claim for relief against Defendant City and County of Denver.  Mr.

2

Scott was warned in the September 17 Order that to hold a municipality liable under §
1983, Mr. Scott must show that an unconstitutional policy or custom exists and that
there is a direct causal link between the policy or custom and the injury alleged. *City of
Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of
County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Municipalities are not liable
under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.
*Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City
of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff cannot state a claim for
relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at
694.

Mr. Scott was further warned in the September 17 Order that in order to state a
claim under § 1983 he must allege specific facts to show how each individual Defendant
personally participated in a deprivation of his constitutional rights. *See Bennett v.
Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159,
166 (1985). There must be an affirmative link between the alleged constitutional
violation and each defendant's participation, control or direction, or failure to supervise.
*See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v.
Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may
be liable under § 1983 where an 'affirmative' link exists between the unconstitutional
acts by their subordinates and their 'adoption of any plan or policy. . .–express or
otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo
v. Goode*, 423 U.S. 362, 371 (1976)). The Amended Complaint fails to allege specific

facts to show how defendants Hughes, White, and John Doe police supervisor(s) were personally involved in the alleged deprivation of his constitutional rights.

A supervisor may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Finally, Mr. Scott may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Scott uses fictitious names he must provide sufficient information about each defendant so that the defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Lynn Eugene Scott, file **within thirty (30) days from the date of this order,** an Second Amended Complaint that complies with the directives in this order. It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. Alternatively, Mr. Scott may obtain the court-approved Complaint form in the clerk's office of the United States District Courthouse, 901 19th Street, Denver, Colorado. Mr. Scott must use the court-approved Complaint form in submitting his Second Amended Complaint. It is

FURTHER ORDERED that, if Plaintiff fails to file a Second Amended Complaint

4

within the time allowed, the Court may dismiss some or all of this action without further notice.

DATED October 15, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge