IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-02570-WJM-CBS

LYNN EUGENE SCOTT,

        Plaintiff,

v.

HUGHES, Police Officer,
JOHN DOE, and
JAMES DOE,

        Defendants.

---

RECOMMENDATION REGARDING DEFENDANT HUGHES' MOTION TO DISMISS

---

Magistrate Judge Shaffer

## INTRODUCTION

This matter comes before the court on the Motion to Dismiss [Doc. 12] filed by Defendant Officer Sharon Hughes ("Officer Hughes"). Plaintiff filed a response [Doc. 18] to the motion on January 12, 2015, and Officer Hughes filed her reply [Doc. 19] on January 26, 2015. The motion was referred to the Magistrate Judge by Order of Reference dated July 20, 2015. [Doc. 26]. For the following reasons, the court recommends that Defendant Hughes' Motion to Dismiss be granted.

## BACKGROUND

On October 27, 2014, Plaintiff Lynn Eugene Scott filed a Second Amended Complaint ("the complaint"). [Doc. 7]. Therein, Plaintiff alleges that on September 17, 2013, he was held against his will by Defendant James Doe ("the alleged victim"), who had pinned Plaintiff to the

ground. [Doc. 7 at p. 2]. According to Plaintiff, Defendant Officer John Doe ("Officer Doe") arrived on the scene, handcuffed Plaintiff, and then slammed Plaintiff into a police car, which broke one of Plaintiff's teeth. *Id.* Thereafter, the alleged victim told Officer Hughes[1] that Plaintiff had assaulted him with a pole. Apparently, the pole was never found and the medics did not find any injuries on the victim. *Id.* at pp. 2, 11.  In addition, Plaintiff told the officers that he was the one who had been assaulted. *Id.* at 2. Nevertheless, Officer Hughes placed Plaintiff under arrest, and he was charged with assault and kidnapping. *Id.*  On the day of trial, however, the charges against Plaintiff were dismissed. *Id.* at pp. 2, 11.

Based upon these allegations, Plaintiff seeks monetary damages pursuant to 42 U.S.C. § 1983. He originally asserted fourteen claims for relief, five of which were dismissed as legally frivolous.[2] Plaintiff was allowed to proceed against Officer Hughes, Officer Doe, and the alleged victim on his constitutional claims of false arrest, false imprisonment, malicious prosecution, excessive force, and civil conspiracy.[3] [Doc. 8 at 11-12]. He was also permitted to pursue his pendent state law tort claims. *Id.* at 12. Thereafter, on December 12, 2014, Officer Hughes filed her Motion to Dismiss on the basis that (1) this court lacks jurisdiction over the state law tort claims, and (2) Plaintiff has failed to state a claim against her. [*See* Doc. 12].

---

[1] It is unclear at what point Officer Hughes arrived at the scene.

[2] The City and County of Denver, Chief of Police Robert White, John Doe 2, and John Doe 3 were all originally named as Defendants. However, the claims against them were also dismissed in their entirety. [Doc. 8].

[3] Throughout his complaint, Plaintiff asserts that the defendants violated his due process rights. [*See* Doc. 7 at pp. 4, 5, 12]. He does not elaborate on this assertion or specify whether he believes that his substantive or procedural due process rights have been violated. However, it is clear from the allegations in the complaint that Plaintiff takes issue with his initial seizure. Thus, the Fourth Amendment — as opposed to the Fourteenth Amendment — governs his claims. *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994); *see also Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). To the extent that Plaintiff asserts a procedural due process claim, the court reads the complaint as alleging that Officer Hughes took an unauthorized and intentional action against him. In such situations, there are no pre-deprivation procedures available before being subjected to the unconstitutional behavior. And Plaintiff has not alleged that post-deprivation remedies, such as a state law tort action, were unavailable to him. Indeed, he has attempted to pursue those claims here. Thus, to the extent Plaintiff attempts to make out a procedural due process claim, he has failed to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

A.    Fed. R. Civ. P. 12(b)(1)

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction.  *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)).  Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. The determination of a court's jurisdiction over subject matter is a question of law.  *Madsen v. United States ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

A motion to dismiss for a lack of subject matter jurisdiction may take two forms. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). It may facially attack a complaint's allegations or it may challenge the facts upon which subject matter jurisdiction depends. *Id*. at 1002-1003.

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id*. at 1003 (internal citations omitted); *see also Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

3

B.     Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, this court may consider exhibits attached to the complaint without converting the motion into one for summary judgment pursuant to Rule 56. *See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard requires more than the sheer possibility that a defendant has acted unlawfully. *Id*. Facts that are "merely consistent" with a defendant's liability are insufficient. *Id*. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The ultimate duty of the court is to "determine whether the complaint sufficiently alleges

facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Plaintiff is not an attorney, his pleadings and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by a lawyer. *See Hall*, 935 F.2d at 1110 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (19972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. However, this court cannot act as a *pro se* litigant's advocate. *Id*.  It is the responsibility of the pro se plaintiff to provide a simple and concise statement of his claims and the specific conduct that gives rise to each asserted claim. *See Willis v. MCI Telecomms.*, 3 F. Supp. 2d 673, 675 (E.D.N.C. 1998).   This court may not "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Nor may a plaintiff defeat a motion to dismiss by alluding to facts that have not been alleged, or by suggesting violations that have not been plead. *Associated General Contractors of California Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

C.    Qualified Immunity

Officer Hughes has raised the qualified immunity defense as to the claims asserted against her. Qualified immunity shields "government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotation omitted). Qualified immunity is "immunity from suit rather than a mere defense to liability [and] it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v.*

*Forsyth*, 472 U.S. 511, 526 (1985). Whether defendants are entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

In resolving a motion to dismiss based on qualified immunity, this court must consider "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right," and "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 232. The plaintiff bears the burden of showing, with particularity, facts and law establishing the inference that the defendant violated a clearly established federal constitutional or statutory right. *Walter v. Morton*, 33 F.3d 1240, 1242 (10th Cir. 1994). If the plaintiff fails to satisfy either prong, the defendant is entitled to qualified immunity. *Pearson*, 555 U.S. at 236. The court has the discretion to consider these prongs in any order it chooses. *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011).

As to the first prong, "[i]f no constitutional right would have been violated were the allegations established," the inquiry is at an end. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong — whether the right was clearly established — must be considered "in light of the specific context of the case, not as a broad general proposition." *Id*. An official's conduct "violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing is violating that right.'" *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). To be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id*.

# ANALYSIS

## A.     Lack of Subject Matter Jurisdiction

In his complaint, Plaintiff asserts a number of state law tort claims against Officer Hughes including: false arrest and false imprisonment (claim nine); civil conspiracy (claim eleven); intentional infliction of emotional distress (claim twelve); negligence (claim thirteen); and negligent infliction of emotional distress (claim fourteen). [*See* Doc. 7 at pp. 12-15].

Officer Hughes contends that Plaintiff has failed to satisfy the Colorado Governmental Immunity Act's ("CGIA") notice provisions and, therefore, this court lacks jurisdiction over Plaintiff's state law tort claims. [Doc. 12 at pp. 10-11]. And, with her motion, Officer Hughes has included the Declaration of Julie Harl, a Claims Adjuster for the Denver City Attorney's Office. [Doc. 12-1]. Ms. Harl attests that Plaintiff never filed a claim with the City and County of Denver regarding the incidents in the case. *Id*. at ¶ 5.

The CGIA, contained at sections 24-10-101 *et seq.*, C.R.S., sets forth the circumstances under which a plaintiff may bring an action in tort against the state and its employees. *Mesa County Valley School District v. Kelsey*, 8 P.3d 1200, 1203 (Colo. 2000). Section 24-10-109(1) states in pertinent part:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section *shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.*

(Emphasis added.) This provision applies when a federal court hears a Colorado tort claim under supplemental jurisdiction. *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 838 (10th Cir. 2003).

The purpose of this notice provision is to ensure that "the governing body or its attorney be directly involved, advised, and notified of potential litigation." *City and County of Denver v. Crandall*, 161 P.3d 627, 632 (Colo. 2007). Furthermore, the notice requirement permits an entity to "to conduct a prompt investigation of the claim and thereby remedy a dangerous condition, to make adequate fiscal arrangements to meet any potential liability, and to prepare a defense to the claim." *City of Lafayette v. Barrack*, 847 P.2d 136, 139 (Colo. 1993) (citations omitted). And absent compliance with this notice requirement, "governmental immunity bars suit against the public entity because a trial court lacks subject matter jurisdiction over the complaint seeking relief." *Crandall*, 161 P.3d at 632 (citing § 24-10-109(1)).

In his response to Officer Hughes' motion, Plaintiff does not submit any competent evidence to show that he provided proper notice to the City and County of Denver; indeed he fails to address this issue at all. [*See* Doc. 18]. Moreover, "Colorado courts consistently hold that a plaintiff must plead compliance with the CGIA's notice provision in the complaint to avoid dismissal." *Aspen Orthopaedics*, 353 F.3d at 840 (citing Colorado cases for the proposition that a plaintiff must plead compliance with the notice provision). In the context of a Rule 12(b)(6) motion to dismiss, when a plaintiff fails to plead compliance with the CGIA, the court must accept as "fact" that the plaintiff has failed to comply with the provisions — which is, in turn, jurisdictional. *Id*. Here, the court has reviewed the complaint in its entirety and, even afforded the most liberal reading, it contains no allegations of compliance with the CGIA. Thus, even without Ms. Harl's declaration, Plaintiff's state law tort claims are subject to dismissal.

The court, therefore, recommends that Plaintiff's state law tort claims for false arrest and imprisonment, civil conspiracy, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress be dismissed in their entirety.

**B.      Failure to State a Claim**

1. <u>False Arrest, False Imprisonment, Malicious Prosecution</u>

In his complaint, Plaintiff asserts constitutional claims of false arrest (claim one), false imprisonment (claim two), and malicious prosecution (claim six). To maintain any of these claims, Plaintiff must demonstrate that his arrest and detention were without probable cause. *Kerns v. Bader*, 663 F.3d 1173, 1187 (10th Cir. 2011); *Taylor v. Meecham*, 82 F.3d 1556, 1561 (10th Cir. 1996) (holding that arrest warrants must be supported by probable cause to comply with the Fourth Amendment in malicious prosecution cases). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). Probable cause is a "common-sensical standard" that is "not reducible to precise definition or quantification." *Florida v. Harris*, ___ U.S. ___, 133 S.Ct. 1050, 1055 (2013) (quotations omitted). Nor does it "require the suspect's guilt to be more likely true than not." *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) (quotations omitted). Probable cause requires only a probability of criminal activity, not a prima facie showing of such activity. *Illinois v. Gates*, 462 U.S. 213, 235 (1983). Where no Fourth Amendment violation has occurred — because the officer possessed probable cause to arrest and charge the individual — the inquiry is at an end and the officer is entitled to qualified immunity. *Wilder v. Turner*, 490 F.3d 810, 8113 (10th Cir. 2007).

Applying these principles to the present case and accepting all well pled allegations in the complaint as true, the court concludes that Officer Hughes is entitled to qualified immunity. Plaintiff has not alleged sufficient facts to state a claim that Officer Hughes lacked probable cause in arresting Plaintiff.

According to the allegations in the complaint, Officer Hughes first contacted Plaintiff after an altercation between Plaintiff and the alleged victim and after Plaintiff had been placed in handcuffs by Officer Doe. [Doc. 7 at 3, 10]. Plaintiff alleges that the victim told Officer Hughes that Plaintiff had assaulted him with a pole. *Id*. at pp. 2, 16. Plaintiff also alleges, however, that the pole was never found and when the victim was examined by medical personnel, there were no injuries consistent with being assaulted with a pole. *Id*. at pp. 3, 11, 12. In addition, Plaintiff alleges that he told the officers that *he* was actually the victim. *Id*. at 3.

Taking the allegations in the complaint as true, it is apparent that Officer Hughes arrested Plaintiff and signed the criminal complaint based on the alleged victim's statement that Plaintiff assaulted him. In his response to Officer Hughes' motion to dismiss, Plaintiff relies heavily on the facts that the pole was never located, and the alleged victim had no apparent injuries. [Doc. 18 at pp. 5-6]. Plaintiff seems to contend that without corroboration in the form of a weapon or consistent injuries, the alleged victim's statement is insufficient. Contrary to Plaintiff's arguments, however, victim complaints may alone form the basis of probable cause. *See Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("We have previously held that police officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed."); *Weintraub v. Board of Education*, 423 F.Supp.2d 38, 53-54 (E.D.N.Y. 2006) (probable cause requirement is satisfied if the officer "received his information from some person, normally the putative victim or eyewitness, who it seems

reasonable to believe is telling the truth . . . The veracity of citizen [complainants] who are the victims of the crime they report to the police is assumed.") (internal quotation marks and citations omitted); *see also Woods v. City of Chicago*, 234F.3d 979, 997 (7th Cir. 2000) ("We have found probable cause to arrest based upon uncorroborated citizen complaints . . . .") (citing *Spiegel v. Cortese*, 196 F.3d 717, 724-26 (7th Cir. 2000) (finding that the defendant police officer had probable cause to arrest the plaintiff even through the victim had waited nearly a month to make a report, and even though there were inconsistencies in the victim's report as well as evidence suggesting that the victim's charge against the plaintiff was retaliatory) and *Gerald M. v. J. Conneely*, 858 F.2d 378, 380-81 (7th Cir. 1988) (upholding district court's grant of summary judgment for police officer in § 1983 case, reasoning that the uncorroborated complaint of a ten-year-old child that his bicycle had been stolen by two other children was sufficient to provide the officer with probable cause to arrest the accused children, even though the arresting officer knew of a long-standing feud between the victim's family and the family of the accuse children)).

Here, Plaintiff attempts to challenge the alleged victim's veracity by arguing that the alleged victim lied about his employment. [Doc. 18 at 6]. However, according to the allegations in the complaint, the alleged victim's dishonesty was not discovered until well after Plaintiff's arrest. [Doc. 7 at 11]. Plaintiff has failed to allege any facts known to Officer Hughes *on the night of the incident* that should have caused her to question the victim's credibility. Absent any such allegations, the victim's statements that Plaintiff assaulted him were sufficient to cause a reasonable officer to believe that Plaintiff had committed a crime. *See Munday v. Johnson*, 257 F. App'x 126, 131 (10th Cir. 2007) ("Absent special circumstances suggesting that a victim-

witness is not credible, corroboration is not essential and a police officer should be permitted to assume he is dealing with a trustworthy person.").

Furthermore, the court is not persuaded by Plaintiff's arguments that Officer Hughes should have done more to ferret out the details of Plaintiff's involvement in the altercation. Although a more thorough investigation may have cast the alleged victim's allegations in a different light, "the law does not require a police officer to complete a thorough investigation before electing to effect an arrest." *Harris v. Commerce City*, No. 09-cv-01728-MSK-KMT, 2010 WL 3307465, at * 8 (D. Colo. 2010) (citing *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 128 (2d Cir. 1997) ("once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest")).

Based on the foregoing, the court finds that there was probable cause to support Plaintiff's arrest. Consequently, the court recommends that Plaintiff's constitutional claims against Officer Hughes of false arrest, false imprisonment, and malicious prosecution be dismissed.

2. Excessive Force

Plaintiff's complaint also includes allegations that all of the Defendants, including Officer Hughes, used excessive force. [*See* Doc. 7 at pp. 3, 15]. However, the allegations fail to demonstrate that Officer Hughes personally participated in the use of force against Plaintiff; consequently, she is also entitled to qualified immunity on this claim.

Allegations of personal participation are critical to establishing a § 1983 claim. *Wilson v. Montano*, 715 F.3d 847, 854 (10th Cir. 2013). "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416,

1423 (10th Cir. 1997). Thus, a court must examine the allegations in the complaint as to each individual defendant to determine whether the plaintiff has stated a plausible claim for relief. *Wilson*, 715 F.3d at 854.

With regard to the actions of a police officer, an officer need not physically contact a plaintiff in order to be held liable for the use of excessive force. Rather, "[a]n officer can be liable for use of excessive force under § 1983 if he or she fails to intervene to prevent a fellow officer's use of such force." *Sexton v. Hickenlooper*, No. 13-cv-01008-MSK-KMT, 2014 WL 1091936, at * 6 (D. Colo. March 19, 2014) (citing *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008)). To be liable for failing to intervene, an officer must have (1) been present at the time, and (2) had a realistic opportunity to prevent a fellow officer from violating a plaintiff's rights through the use of excessive force. *Wallin v. Dycus*, 381 F. App'x 819, *4 (10th Cir. 2010) (quoting *Fillmore v. Page*, 358 F.3d 496, 505-06 (7th Cir. 2004)).

Here, the allegations in the complaint fail to raise a plausible inference that Officer Hughes participated in the alleged excessive use of force. Rather, all of the allegations relate to the actions of Officer Doe, who was apparently the first officer on the scene, the one who handcuffed Plaintiff, and the one who allegedly slammed Plaintiff's face into the police car. [Doc. 7 at pp. 2, 15]. Further, Plaintiff does not allege that Officer Hughes witnessed the alleged excessive use of force or that she had a realistic opportunity to intervene but failed to do so. *Id.* Consequently, because Plaintiff has failed to state a § 1983 claim of excessive force against Officer Hughes, the court recommends that this claim against her be dismissed.

3. Civil Conspiracy

Finally, Plaintiff's complaint asserts two claims of conspiracy, one under state tort law (claim eleven) — which this court lacks jurisdiction to consider — and one pursuant to § 1983

(claim three) — the scope of which is less than clear. In his third claim, Plaintiff contends that the defendants conspired to deprive him of his constitutional rights (due process and equal protection). [Doc. 7 at p. 5]. In addition, by way of "incorporation", Plaintiff also seems to contend that the defendants violated his Fourth Amendment rights by conspiring to prepare false reports and make false allegations in order to prosecute him and keep him in jail.[4] [Doc. 7 at pp. 5, 13-14].

In the Tenth Circuit, "a conspiracy to deprive a plaintiff of a constitutional or federally protected right under the color of state law" is actionable. *Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990). In order to succeed on a conspiracy claim under 42 U.S.C. § 1983, "a plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient." *Id*. Further, "[T]he rule is clear that allegations of conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Crabtree By and Through Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990). *See also Durra v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Because plaintiff failed to allege specific facts showing agreement and concerted action among defendants, the district court properly dismissed the conspiracy claim with prejudice."). "[C]onspiracy can be shown by a sequence of events from which a reasonable jury could infer there was a meeting of the minds." *Merritt v. Hawk*, 153 F.Supp.2d 1216, 1225 (D. Colo. 2001). "However, conclusory allegations that defendants acted 'in concert,' or 'conspired' without specific factual allegations to support such assertions are insufficient." *Id*. at 1225 (quoting *Aniniba v. City of Aurora*, 994 F.Supp. 1293, 1298 (D. Colo. 1998)).

---

[4] In his third claim, Plaintiff states that he "incorporates by reference the allegations in paragraphs 1 through 71." [Doc. 7 at p. 5]. Affording Plaintiff, as an unrepresented litigant, the full benefit of a liberal interpretation of his complaint, the court assumes that Plaintiff wishes to incorporate the arguments from his state tort claim for civil conspiracy.

Here, Plaintiff's failure to state any actionable claims against Officer Hughes for constitutional violations is fatal to his conspiracy claim. *Thompson v. City of Lawrence, Kansas*, 58 F.3d 1511, 1517 (10th Cir. 1995) ("In order to succeed on [a § 1983 conspiracy] claim," the plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right.")   The court has already determined that Plaintiff has failed to establish the existence of any constitutional violations.[5] "Since an essential element of the conspiracy claim is absent, the allegation fails." *Id.*

Even if Plaintiff had alleged an actionable constitutional violation, his allegations are nonetheless insufficient to state a conspiracy. Here, Plaintiff has not alleged any specific communication or command from which a conspiracy among the defendants could be inferred. *See Twombly*, 550 U.S. at 557 ("a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"); *see also American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1294 (11th Cir. 2010) (noting that "allegations of parallel conduct, accompanied by nothing more than a bare assertion of a conspiracy, do not plausibly suggest a conspiracy" and "fail to nudge . . . claims across the line from conceivable to plausible"). Plaintiff's simple allegations, without more, that Officer Hughes "advised" and "strategized" [Doc. 7 at p. 13] with the alleged victim do not state any facts from which a jury could infer a conspiracy. Consequently, the court recommends that Plaintiff's § 1983 civil conspiracy claim be dismissed.

## C.     Doe Defendants

As discussed above, Plaintiff's complaint asserts a number of claims against James Doe, the alleged victim, and Officer John Doe. [*See generally* Doc. 7]. The second amended complaint

---

[5] In its previous order, the court concluded that Plaintiff had failed to articulate an actionable equal protection claim. [Doc. 8 at pp. 7-8].

[Doc. 7] was filed over nine months ago on October 27, 2014, yet Plaintiff has not provided the court with any information that identifies James Doe or Officer John Doe so that they might be served.[6]

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order. If good cause is not shown, a district judge or magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based on the above, it is recommended that Plaintiff's claims against James Doe and Officer John Doe be dismissed without prejudice unless plaintiff shows good cause for failure to serve these defendants.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the court RECOMMENDS that Defendant Officer Sharon Hughes' Motion to Dismiss [Doc. 12] be GRANTED and that the claims against her be dismissed with prejudice. It is further RECOMMENDED that Plaintiff's claims against Defendant James Doe and Defendant Officer John Doe be DISMISSED WITHOUT

---

[6] In a previous order, the court notified Plaintiff that, although he may use fictitious names if he does not know the real names of the individuals who allegedly violated his rights, he must provide sufficient information about each defendant so that the defendant can be identified for purposes of service. [Doc. 6 at p. 4].

PREJUDICE pursuant to Fed. R. Civ. P. 4(m) and/or D.C.Colo.LRivR 41.1 unless Plaintiff

shows good cause for failure to serve these defendants.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for *de novo*

review by the district court or for appellate review." *United States v. Once Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar de novo review by the district court of the magistrate judge's

proposed findings and recommendations and will result in waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation de novo despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve the issue for *de novo* review by the district court or appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

17

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 13th day of August, 2015.


BY THE COURT:


s/Craig B. Shaffer
United States Magistrate Judge