**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-2570-WJM-CBS

LYNN EUGENE SCOTT,

      Plaintiff,

v.

HUGHES in her Official and Individual Capacities as a Police Officer,
JOHN DOE, and
JAMES DOE,

      Defendants.

---

**ORDER ADOPTING THE AUGUST 13, 2015 RECOMMENDATION OF THE
MAGISTRATE JUDGE, GRANTING DEFENDANT HUGHES' MOTION TO DISMISS,
AND DISMISSING DOE DEFENDANTS**

---

      Plaintiff Lynn Eugene Scott ("Plaintiff") brings this case *pro se* against Defendant

Officer Sharon Hughes ("Hughes"), in her official and individual capacities, and two

unknown Defendants denominated John Doe and James Doe (together "Doe

Defendants").  (Sec. Am. Compl. ("SAC") (ECF No. 7).)  Plaintiff brings claims for

violations of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983, as

well as state law tort claims.  (*Id.*)  This matter is before the Court on the August 13,

2015 Recommendation by U.S. Magistrate Judge Craig B. Shaffer (the

"Recommendation") that Defendant Hughes' Motion to Dismiss (ECF No. 12) be

granted, and that the Doe Defendants be dismissed for failure to prosecute.  (ECF No.

33.)  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. §

636(b)(1)(B); Fed. R. Civ. P. 72(b).  Plaintiff filed a timely Objection on August 31, 2015.

(ECF No. 35.)  For the reasons set forth below, the Objection is overruled and the Recommendation is adopted in its entirety.

## I.  BACKGROUND

Plaintiff's claims arise out of an incident which occurred on September 17, 2013. (SAC at 2.)  According to Plaintiff's allegations, which must be taken as true for current purposes, Defendant James Doe physically attacked Plaintiff and pinned him to the ground.  (*Id.*)  When Defendant Officer John Doe ("Officer Doe") arrived, he handcuffed Plaintiff and slammed him into a police car, which broke one of Plaintiff's teeth.  (*Id.*) Defendant Hughes, who had subsequently arrived on the scene, spoke to James Doe who told her that Plaintiff had assaulted him with a pole.  (*Id.*)  Plaintiff told Hughes and Officer Doe that he was the one who had been assaulted.  (*Id.*)  The pole was never found, and medics who later examined James Doe found no evidence of injuries.  (*Id.* at 2, 11.)  Nevertheless, Hughes placed Plaintiff under arrest, and Plaintiff was charged with assault and kidnapping.  (*Id.*)  These charges were later dismissed.  (*Id.*)

Plaintiff's operative Complaint was filed on October 27, 2014, and brought claims against the current Defendants as well as Robert White, Chief of Denver Police, the City and County of Denver, and two additional Doe Defendants in their capacities as supervisors of Officers Doe and Hughes.  (*Id.* at 1.)  Plaintiff originally brought claims for violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments, excessive force and failure to intervene, false arrest, false imprisonment, civil conspiracy, malicious prosecution, abuse of process, assault, intentional and negligent infliction of emotional distress, and negligence.  (*Id.* at 3–16.)  On November 6, 2014, District Judge Lewis T.

2

Babcock issued an order dismissing in part as to all parties except for the current Defendants Hughes, Officer John Doe, and James Doe, and all constitutional claims except those for false arrest, false imprisonment, malicious prosecution, excessive force, and civil conspiracy.  (ECF No. 8.)  Plaintiff was permitted to proceed on his state law tort claims.  (*Id.*)

On December 12, 2014, Defendant Hughes filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  (ECF No. 12.)  Plaintiff responded on January 12, 2015.  (ECF No. 18.)  Hughes filed a Reply on January 26, 2015.  (ECF No. 19.)  The Court referred the Motion to Dismiss to Magistrate Judge Shaffer for a report and recommendation.  (ECF No. 26.)

On August 13, 2015, Magistrate Judge Shaffer issued his Recommendation that Hughes' Motion to Dismiss be granted, and the Doe Defendants dismissed.  (ECF No. 33.)  On August 31, 2015, Plaintiff's Objection was filed.  (ECF No. 35.)  Hughes filed a Response to the Objection on September 8, 2015.[1]  (ECF No. 37.)

On August 31, 2015, Plaintiff filed a Motion to Amend Complaint, which is not yet fully briefed.  (ECF No. 34.)  Magistrate Judge Shaffer denied the Motion to Amend without prejudice based on Plaintiff's failure to attach the proposed amended complaint.  (ECF No. 41.)

## II.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter,

---

[1] Plaintiff subsequently filed an "Answer to Defendant's Response to Plaintiff's Verified Written Objection."  (ECF No. 38.)  However, pursuant to the Court's Order (ECF No. 36), no Reply from Plaintiff was permitted.  As such, the Court has not considered Plaintiff's "Answer" in considering the instant matter.

Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(2). In conducting its review, "[t]he district court judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. Here, because Plaintiff filed a timely Objection to the Recommendation, the Court reviews *de novo* the issues raised therein. *See id.*

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe

his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  ANALYSIS

The Magistrate Judge recommends that: (1) Plaintiff's state tort claims be dismissed for lack of jurisdiction based on Plaintiff's failure to comply with the Colorado Governmental Immunity Act's notice provisions; (2) Plaintiff's false arrest, false imprisonment, and malicious prosecution claims be dismissed for failure to allege sufficient facts that Hughes lacked probable cause; (3) Plaintiff's excessive force claim be dismissed for failure to allege Hughes' personal participation; (4) Plaintiff's civil conspiracy claim be dismissed for failure to plead that any underlying constitutional violation was the subject of a conspiracy; and (5) the Doe Defendants be dismissed for failure to serve them.  (ECF No. 33.)

Plaintiff's Objection contains the following arguments: (1) Plaintiff's claims "are federal constitutional claims"; (2) there was no probable cause to arrest Plaintiff given the lack of any injury to James Doe and the absence of the pole from the scene; and (3) Plaintiff has stated a claim for abuse of process.  (ECF No. 35.)  Only Plaintiff's second point, regarding probable cause, is a specific objection to the Recommendation; his first point effectively abandons his state tort claims, and his third point improperly attempts to resurrect his abuse of process claim when it was dismissed in a prior order issued on November 6, 2014.  (*See* ECF No. 8.)  As such, the Court will review *de novo*

only the Magistrate Judge's conclusions that Plaintiff failed to allege facts showing that Hughes lacked probable cause.  *See* Fed. R. Civ. P. 72(b)(2).

Law enforcement officers have "probable cause" to make an arrest when "the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (same).  The Magistrate Judge accepted as true Plaintiff's allegations that the pole was never found and James Doe had no injuries, but nevertheless found that Plaintiff had not alleged any facts indicating that Hughes knew of James Doe's alleged dishonesty at the time of the arrest.  (ECF No. 33 at 10–11.)  Given that an alleged victim's complaints are sufficient to form the basis of probable cause, *see Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000), and that an officer may assume the alleged victim is credible absent apparent evidence to the contrary, *see Munday v. Johnson*, 257 F. App'x 126, 131 (10th Cir. 2007), the Magistrate Judge concluded that Hughes had probable cause to arrest Plaintiff under the facts as alleged in the operative Complaint.  (ECF No. 33 at 10–12.)

Plaintiff's Objection restates his allegations that the absence of injuries to James Doe and lack of a weapon on the scene should have cast sufficient doubt on his credibility to vitiate probable cause for an arrest.  (*See* ECF No. 35.)  After a *de novo* review of the issue, the Court's findings agree with the Recommendation; the facts as Plaintiff alleges them indicate that the evidence of James Doe's lack of

credibility did not arise until after Plaintiff was arrested.  Plaintiff's Objection does not contain any facts or law that alter the Magistrate Judge's conclusions as to probable cause.  Accordingly, Plaintiff's Objection to the Recommendation is overruled and the Recommendation is adopted as to the probable cause finding.  Plaintiff's claims against Hughes of false arrest, false imprisonment, and malicious prosecution are therefore dismissed for failure to state a claim.

As to the remaining, unobjected-to findings in the Recommendation, the Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").  Accordingly, the Recommendation is adopted in all remaining respects, Defendant Hughes' Motion to Dismiss is granted, and Plaintiff's excessive force and civil conspiracy claims against Defendant Hughes shall be dismissed with prejudice for failure to state a claim, his state tort claims shall be dismissed without prejudice for lack of jurisdiction, and his claims against the Doe Defendants shall be dismissed without prejudice for failure to serve.

The Court notes that Plaintiff failed to attach a copy of the proposed amended complaint to his Motion to Amend.  (ECF No. 41.)  As such, the Court cannot evaluate whether Plaintiff's proposed amendments might cure any of the deficiencies noted in the Recommendation and the instant order, and the Court therefore lacks a sufficient

basis to conclude that any proposed amendment would be futile.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (holding that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss).  Consequently, the Court will reserve directing entry of judgment at this time, pending any Renewed Motion to Amend by Plaintiff.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      The Court ADOPTS the Recommendation (ECF No. 33) in its entirety;

2.      Plaintiff's Objection (ECF No. 35) to the Magistrate Judge's August 13, 2015 Recommendation is OVERRULED;

3.      Defendant Hughes' Motion to Dismiss (ECF No. 12) is GRANTED;

4.      Plaintiff's claims for false arrest, false imprisonment, malicious prosecution, excessive force, and civil conspiracy against Defendant Hughes are DISMISSED WITH PREJUDICE; and

5.      Plaintiff's state law tort claims and all claims against Defendants John Doe and James Doe are DISMISSED WITHOUT PREJUDICE.


Dated this 30th day of September, 2015.

BY THE COURT:

_____
William J. Martinez
United States District Judge

8